**Saul Lugo PADILLA, et al., Plaintiffs,**

v.

**DIGITAL EQUIPMENT CORPORATION OF PUERTO RICO, Defendant.**

**No. Civ. 89–1607CC.**

United States District Court,
D. Puerto Rico.

April 24, 1990.

---

Alfredo Cardona–Alvarez, San Germán, P.R., for plaintiffs.

Ramón L. Velasco, Santurce, P.R., for defendant.

## REMAND ORDER

CEREZO, District Judge.

This action, an age discrimination suit filed in the Superior Court of Puerto Rico, Mayagüez Section on October 2, 1986, and

---

removed to this Court more than three years later on December 8, 1989, is before us on plaintiffs' Motion to Remand (docket entry 7) which was opposed by defendant (docket entry 9). It is the plaintiffs' position that the removal was untimely and that there is no federal subject matter jurisdiction.

The facts of this very complicated case are succinctly set out in the well-written November 7, 1989 Partial Judgment and Ruling of Superior Court Judge German J. Brau, so we need not repeat them here.

On January 28, 1988, Superior Court Judge Angel Morales–Román partially granted a motion to amend the complaint, adding new plaintiffs with a federal claim. In support of his decision, Judge Morales–Román intimated that those federal claims had been present in the original complaint:

> The fifth averment of the complaint states:
>
> > 5. That plaintiffs are comprised within the 40 to 70 year old group, they were and are qualified to perform the work for which they were involuntarily and without just cause discharged and substituted by younger employees.
>
> The third averment sets forth:
>
> > 3. That the age group of plaintiffs was the reason for their termination in the employment or was the determinant factor for the termination in their employment.
>
> It can be concluded from these averments that the complaint filed is based on two statutes, Title 9 LPRA sec. 146 and Title 29 USCA secs. 626 and 255. This court has concurrent jurisdiction with the federal court to examine the possible violation to the federal laws....
>
> In the amended complaint draft before our consideration, the above-mentioned paragraphs[1] are kept. This Court accepts the amended complaint only insofar as to the claim based on federal laws....

[1] Only with relation to new defendants.

The defendant, in its Verified Notice of Removal, recognized the presence of federal claims in the original and amended complaints:

> 2. The complaint in this case was filed on or about October 2, 1986 and the Superior Court granted leave for amendments to the complaint liberally. In the original and the amended complaints, the plaintiffs allege that they were terminated from their employment because of their age in violation of the federal Age Discrimination in Employment Act of 1967 ("ADEA"), 28 U.S.C. Sec. 621, et seq.; and the Puerto Rico Anti Discrimination Law, Puerto Rico Law No. 100, 29 L.P.R.A. Sec. 146 et seq. ("Law 100").
> ....

Title 28 of the United States Code, Section 1446(b) sets out the time limits for removing a case to this Court:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may *first* be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action. (Emphasis ours.)

Thus, it appears that, by its own argument, Digital could have removed this case within thirty days after service of the original complaint.[1]

---

**1.** We are not as convinced as defendants that the original complaint stated a federal cause of action. That the January 28, 1988 order allowing the amendments adding new plaintiffs with

Digital chooses to ignore the fact that it could have first removed the case on the basis of the ADEA claim. Rather, it states at paragraph 5 that:

[U]pon receipt of the Court's "non-final" Partial Judgment Ruling and its Order of November 6, 1989, on November 14, 1989, defendant could and did ascertain for the time that the action has become removable pursuant to the provisions of 28 U.S.C. 1441 and 1446.

Concluding his well-reasoned ruling, Judge Brau dismissed the ADEA claims based on the plaintiffs' failure to exhaust their administrative remedies in that they did not file complaints with the Equal Employment Opportunity Commission. After resolving several other matters, there remained only the Law 100 claim, about which Judge Brau stated:

. . . Thus, there is a genuine issue whether Digital acted in good faith, in view of real economic problems or whether the [retirement] plan was a mere subterfuge to substitute a group of older employees with younger personnel.

. . . .

. . . We should decide whether Digital effectively faced an economic crisis during the beginning of 1986, which crisis made necessary the adoption of the voluntary resignation plans. This is a fact in controversy, therefore, we shall hear evidence over it.

Having earlier noted that the burden of proof would fall on Digital to prove that there was no discrimination in this case, the Court set the matter for an evidentiary hearing, which could well have ended the case. It was at this point that Digital rushed to federal court, opinion in hand, contending the case was now removable.

Citing *Public Employees Retirement System v. Betts*, —— U.S. ——, 109 S.Ct. 2854, 106 L.Ed.2d 134 (1989), it now drags in the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.*, which it claims governs the retirement benefit plans involved, and that *Betts* requires plaintiffs challenging such plans to prove that any such plan "actually was intended to serve the purpose of discriminating in some non-fringe aspect of the employment relationship." Digital contends that ERISA preempts plaintiffs' challenge. We find this argument entirely without merit. The terms of the plans are not in issue here. The only issue remaining is the question of Digital's good faith in its allegation of an economic motive for creating the plans. A challenge such as this is even authorized by the ADEA.[2]

*Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), cited by Digital to support its notions of preemption is clearly distinguishable in that the issue in *Shaw* was disability benefits for pregnancy and other non-occupational disabilities—clearly a "fringe" benefit. We would be hard pressed to close the door on a cause of action clearly allowed under another federal law simply because the parties chose to proceed under the analogous Puerto Rico law.

For the above-stated reasons, we find that the notice of removal was untimely in that defendant could have first removed the case for the ADEA claims, and those claims having been dismissed by the Superior Court, the only remaining claims, those under Law 100, are not preempted by ERISA. Accordingly, the motion to remand is GRANTED. The Clerk of the Court shall return the case to the Superior Court of Puerto Rico, Mayagüez Section.

SO ORDERED.

---

ADEA causes of action creates federal subject matter jurisdiction, however, is undisputable.

**2.** Digital, in its motion for removal, accepts that the exception to the immunity from attack under this law is the situation when the plan constitutes a subterfuge for discrimination in a non-fringe benefit area of the employment relationship. We can think of no point of contention which could be better described as a "non-fringe" than the termination of the entire employment relationship.